**Ardak GHARIBIAN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–70736.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sassoun Nalbandian, Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marion E. Guyton, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ardak Gharibian, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

■ The BIA identified specific and cogent reasons for finding Gharibian not credible, including the discrepancy between Gharibian's testimony and marriage certificate regarding where he was married and who performed the marriage ceremony; and the discrepancy between Gharibian's testimony and the date listed on the summons regarding when the summons was issued. These reasons go to the heart of Gharibian's persecution claim and thus provide substantial evidence for the adverse credibility finding. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007); *see also Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (holding that as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim, the court is bound to accept the adverse credibility finding). We therefore uphold the denial of asylum and withholding of removal.

■ Substantial evidence supports the denial of CAT relief because Gharibian based his CAT relief claim on the same testimony the BIA determined was not credible, and Gharibian points to no other evidence in the record that would compel a finding that if he were returned to Iran, he more likely than not would be tortured. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).